**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAJIG MAAKHUU,

　　　　　　　Petitioner,

　　v.

ERIC H. HOLDER, Jr., Attorney General,

　　　　　　　Respondent.

Nos.　12-70609
　　　　12-72364
　　　　12-74101

Agency No. A097-822-489

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:　　W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

In these consolidated cases, Majig Maakhuu, a native and citizen of Mongolia, petitions for review of the Board of Immigration Appeals' ("BIA") orders dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and protection under the Convention

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT") (No. 12-70609), denying his motion to reopen (No. 12-72364), and denying his motion to reconsider/reopen (No. 12-74101). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen or reconsider, and we review de novo claims of due process violations. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petitions for review.

Maakhuu does not make any arguments challenging the BIA's dismissal of his direct appeal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review in No. 12-70609.

The BIA did not abuse its discretion in its June 25, 2012, order denying Maakhuu's motion to reopen because Maakhuu did not show the psychological report he submitted with the motion was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1); *Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007) (per curiam) (evidence capable of being discovered at time of hearing cannot serve as basis for motion to reopen). We reject Maakhuu's contention that the BIA applied the wrong standard in denying his motion. We also reject Maakhuu's contention that the agency violated due process by not holding a competency hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process

claim).  Further, we lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen proceedings.  *See Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir. 2009).  In light of our conclusions, we do not reach Maakhuu's challenges to the other reasons the BIA identified for denying relief.  Thus, we deny in part and dismiss in part the petition for review in No. 12-72364.

Finally, the BIA did not abuse its discretion in its November 15, 2012, order because, insofar as the BIA treated Maakhuu's motion to reconsider as a motion to reopen, Maakhuu did not show that the second psychological report he submitted was previously unavailable.  *See* 8 C.F.R. § 1003.2(c)(1); *Goel*, 490 F.3d at 738.  Maakhuu does not make any other arguments challenging the BIA's denial of his motion to reconsider.  *See Martinez-Serrano*, 94 F.3d at 1259-60.  Thus, we deny the petition for review in No. 12-74101.

**NO. 12-70609: PETITION FOR REVIEW DENIED.**

**NO. 12-72364: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**NO. 12-74101: PETITION FOR REVIEW DENIED.**